NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2551
_____

UNITED STATES OF AMERICA

v.

ROBERT MACK,
also known as TWEET,
                            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00519-001)
Chief District Judge: Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2020

Before:  CHAGARES, PORTER and FISHER, *Circuit Judges*.

(Filed: August 19, 2020)
_____

OPINION*
_____


FISHER, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A jury convicted Robert Mack of several drug distribution and firearms offenses. Mack argues that the District Court erred in denying his motion for a mistrial based on Juror Number 1's interaction with his brother, which she then shared with her fellow jurors. According to Mack, this interaction led to the implication that he was incarcerated, which eroded his presumption of innocence. Because the District Court did not abuse its discretion in concluding, following an individual voir dire of each juror, that Mack was not prejudiced by the improper contact, we will affirm.[1]

Mack argues that the District Court's questioning of the jurors "was insufficient" because the Court did not directly "address[] the true matter, which was the prejudicial presumption of incarceration."[2] We disagree. The District Court questioned each juror individually, in the presence of counsel but outside the presence of the other jurors.[3] It

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Although "any private communication . . . with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial, . . . . [t]he presumption is not conclusive." *Remmer v. United States*, 347 U.S. 227, 229 (1954). The "trial judge has discretion . . . to decide how to deal with [the] situation," and "[t]his discretion extends to the determination of whether prejudice has been demonstrated." *United States v. Resko*, 3 F.3d 684, 690 (3d Cir. 1993). Accordingly, "[o]ur review of a district court's investigation of juror misconduct, as well as its denial of a mistrial, is for abuse of discretion." *United States v. Claxton*, 766 F.3d 280, 297 (3d Cir. 2014).

[2] Appellant's Br. 6, 12.

[3] Individual voir dire is the "method of inquiry . . . we have preferred '[w]here there is a significant possibility that a juror . . . has been exposed to prejudicial extra-record information.'" *United States v. Console*, 13 F.3d 641, 667 (3d Cir. 1993) (alteration in

asked each juror what Juror Number 1 had said about her interaction with Mack's brother, and whether they could put this information aside and render a fair and impartial verdict based on the evidence presented in court. Even though the District Court did not directly ask the jurors how they interpreted the comments by Mack's brother, both the method and content of its questioning were "sufficiently tailored to probe adequately the possibility of prejudice."[4]

Mack argues that the District Court erred in concluding he was not prejudiced by Juror Number 1's interaction because "[t]he potential that each juror . . . was aware that [he] was in custody at the time of their deliberations" was so prejudicial that such knowledge automatically warranted a mistrial.[5] We disagree. First, even if the jurors did infer that Mack was in custody, such an inference was not in and of itself "so inherently

---

original) (quoting *Gov't of the V.I. v. Dowling*, 814 F.2d 134, 137 (3d Cir. 1987)).
[4] *Claxton*, 766 F.3d at 300 (quoting *United States v. Vega*, 285 F.3d 256, 266 (3d Cir. 2002)). *Compare Console*, 13 F.3d at 667 (district court did not abuse its discretion in denying defendant's motion for a new trial when it "conducted an individual *in camera* voir dire of each juror," asking about "the nature of [the juror's] comments" and "the identities of the jurors to whom [the juror] made these comments"), *with Resko*, 3 F.3d at 690–91 (district court abused its discretion in concluding defendants were not prejudiced when it "failed to engage in any investigation beyond [a] cursory questionnaire," which jurors filled out in a room together, and which did not ascertain the nature or extent of their premature deliberations). In addition, the District Court asked appropriate questions given that Juror Number 1's misconduct occurred during deliberations. *See United States v. Fattah*, 914 F.3d 112, 147–49 (3d Cir. 2019) (judge's voir dire in response to notes from jurors was appropriately limited to avoid foray into deliberations).
[5] Appellant's Br. 11.

prejudicial as to require a mistrial."[6] Second, based on its thorough voir dire and the nature of the extrajudicial contact, the District Court did not abuse its discretion in concluding that Mack suffered no prejudice.[7] In response to the District Court's questioning, each juror gave matter-of-fact and consistent descriptions of what Juror Number 1 had told them. All jurors, including Juror Number 1, stated that they would be able to put the interaction aside and decide the case based on the evidence. Moreover, the contact here involved a brief, lighthearted, and unintentional conversation between Juror Number 1 and Mack's brother, which was unrelated to the elements of the case. Under these circumstances, the District Court reasonably determined that there was no prejudice and properly denied Mack's motion for a mistrial.

For the foregoing reasons, we will affirm.

---

[6] *See United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974) (affirming denial of defendants' motion for a mistrial when, during deliberations, jurors "may have briefly glimpsed one of the [defendants] being brought into the courtroom in handcuffs").

[7] A court assesses prejudice "on the basis of an objective analysis by considering the probable effect of the allegedly prejudicial information on a hypothetical average juror." *Vega*, 285 F.3d at 266 (citation omitted).